UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| FIRST ACCEPTANCE CORPORATION, d/b/a | ) |
| ACCEPTANCE INSURANCE, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, Nicole Williams ("Williams" or "Plaintiff"), by and through her attorneys, The Law Offices of Eugene K. Hollander, and for her Complaint at Law against Defendant, states as follows:

**JURISDICTION**

1. This is a suit in equity authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.*, and the Family and Medical Leave Act of 1993, 29 U.S. C. 101 *et. seq*, ("FMLA").

2. The jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by, 29 U.S.C. § 101 and 42 U.S.C. § 12101 *et. seq.*, providing for declaratory, injunctive, compensatory, punitive, and other relief against employment discrimination based upon disability. The jurisdiction of this court is also invoked to secure protection of and to address deprivation of rights secured by 29 U.S.C. § 101, providing for declaratory, injunctive, compensatory and other relief against violations of FMLA. Jurisdiction of this court is based upon federal questions, 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391 (B). The Defendant resides or resided in this district and the events giving rise to Plaintiff's claims occurred here.

4. All conditions precedent to jurisdiction have occurred or been complied with, to-wit:

    i. Williams filed a charge of discrimination no. 440-2016-03693 with the Equal Employment Opportunity Commission ("EEOC") on April 21, 2016, a copy of which is attached hereto as **Exhibit 1.**

    ii. The EEOC issued a notice of right to sue to Williams for charge no. 440-2016-03693 on April 21, 2017, a copy of which is attached hereto as **Exhibit 2.**

## PARTIES

5. Williams is a citizen of the United States and the State of Illinois and resides in Montgomery, Kane County, Illinois.

6. Williams is a member of the protected class in that she has an impairment – anxiety order and depression.

7. FIRST ACCEPTANCE CORPORATION, d/b/a ACCEPTANCE INSURANCE ("ACCEPTANCE INSURANCE") is qualified to do business in the State of Illinois and is doing business in the State of Illinois.

8. ACCEPTANCE INSURANCE is an employer as that term is defined under the ADA, 42 U.S.C. Sec. 12111 (4).

## BACKGROUND FACTS

9. Williams began her employment with Defendant ACCEPTANCE INSURANCE in or about February, 2002 as a Customer Service Representative. In 2012, Williams was promoted to the position of Subrogation Adjuster.

10. Throughout her employment, Williams performed her job duties according to Defendant's legitimate expectations.

11. In February, 2013, Williams had taken intermittent leave pursuant to the FMLA to care for her serious medical condition. Subsequently, Williams sought and was granted intermittent leave pursuant to the FMLA to take care of her husband for the period of March 20, 2015 through April 3, 2015.

12. Williams requested a reasonable accommodation in that she requested to come into work a few minutes late because of her disabilities.

13. Defendant refused to accommodate her request for a reasonable accomodation.

14. On July 10, 2015, Defendant terminated Williams' employment.

## **COUNT I – DISABILITY DISCRIMINATION - TERMINATION**

15. Williams reincorporates and realleges paragraphs 1 through 14 as though more fully set forth herein.

16. Williams was and is a member of a protected class, as she suffered and continues to suffer from disabilities, anxiety order and depression.

17. Throughout her employment, Williams performed her job duties according to the Defendant's legitimate expectations.

18. Defendant, in violation of the provisions of 42 U.S.C. Sec. 12101 *et. seq*., has denied and continue to deny Williams an equal opportunity for employment, because of disability.

19. When she was terminated, Williams was subjected to disability discrimination in that there was a double standard set up between disabled employees and non-disabled employees not included within the protected class. Plaintiff's non-disabled counterparts were not subjected to the discriminatory treatment that Plaintiff was subjected to.

20. Disability was a determining factor in Plaintiff's discriminatory treatment and termination. But for Plaintiff's disability, she would not have been terminated. Defendant knew

that the discriminatory treatment termination of Plaintiff on account of disability violated the ADA.

21. The unlawful employment practices alleged herein were committed within the State of Illinois.

22. In terminating Williams, Defendant wrongfully discriminated against her because of her disability and in violation of the ADA, 42 U.S.C. Sec. 12112 (A).

23. In terminating Williams, Defendant maliciously and/or recklessly violated the ADA.

24. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's, policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

25. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

26. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, Nicole Williams, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violative of the Americans with Disabilities Act;

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it from engaging in each of the unlawful practices, policies,

customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate on the basis of disability;

4. Immediately assign Plaintiff to that job she would now be occupying but for the discriminatory practices of Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the discriminatory practices of Defendant, or, if this is impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that she would have received but for the discriminatory practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8. Award Plaintiff punitive damages for Defendant's willful conduct; and

9. Grant such other relief as may be just and proper.

## COUNT II - 
## DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE

27. The Plaintiff reincorporates and realleges Paragraphs 1 through 14 as though fully set forth herein.

28. Williams requested a reasonable accommodation in that she requested that she be allowed to come to work a few minutes late to accommodate her disability.

29. Defendant refused to accommodate her reasonable request or even engage in the required interactive process to discuss what, if any, accommodation, could be made.

30. Instead, Defendant terminated her employment on July 10, 2015.

31. By terminating Plaintiff's employment, Defendant maliciously and/or recklessly violated the ADA, 42 U.S.C. §12112 *et. seq*.

32. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

33. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

34. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, NICOLE WILLIAMS, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Americans with Disabilities Act;
2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that it will not discriminate on the basis of disability;

4. Immediately assign Plaintiff to that job she would now be occupying but for the discriminatory practices of the Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the discriminatory practices of the Defendant, or, if impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings and wages, including prejudgment interest and other benefits that she would have received but for the discriminatory practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8. Award Plaintiff punitive damages for Defendant's willful conduct; and

9. Grant such other relief as may be just and proper.

### COUNT III - AMERICANS WITH DISABILITIES ACT: RECORD OF IMPAIRMENT

35. The Plaintiff reincorporates and realleges Paragraphs 1 through 14 as though fully set forth herein.

36. The Plaintiff has a history of mental impairments, anxiety disorder and depression, as defined by the ADA, 42 U.S.C. §12101, 12102 *et. seq*.

37. The Plaintiff is a qualified individual with a disability.

38. By terminating Plaintiff's employment, Defendant maliciously and/or recklessly violated the ADA, 42 U.S.C. §12112 et seq.

39. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant' policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

40. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

41. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, NICOLE WILLIAMS, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Americans with Disabilities Act;

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that it will not discriminate on the basis of disability;

4. Immediately assign Plaintiff to that job she would now be occupying but for the discriminatory practices of the Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the discriminatory practices of the Defendant, or, if impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings and wages, including prejudgment interest and other benefits that she would have received but for the discriminatory practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8. Award Plaintiff punitive damages for Defendant's willful conduct; and

9. Grant such other relief as may be just and proper.

### COUNT IV: AMERICANS WITH DISABILITIES ACT REGARDED AS HAVING AN IMPAIRMENT

42. The Plaintiff reincorporates and realleges Paragraphs 1 through 14 of this Complaint at Law as though fully set forth herein.

43. Plaintiff suffers from anxiety disorder and depression.

44. Plaintiff was regarded as having disabilities by Defendant.

45. By terminating Plaintiff's employment, Defendant maliciously and/or recklessly violated the ADA, 42 U.S.C. §12112 *et. seq*.

46. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is

now suffering and will continue to suffer irreparable injury from Defendant' policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

47. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

48. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, NICOLE WILLIAMS, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Americans with Disabilities Act;
2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;
3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that it will not discriminate on the basis of disability;
4. Immediately assign Plaintiff to that job she would now be occupying but for the discriminatory practices of the Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the discriminatory practices of the Defendant, or, if impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings and wages, including prejudgment interest and other benefits that she would have received but for the discriminatory practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8. Award Plaintiff punitive damages for Defendant's willful conduct; and

9. Grant such other relief as may be just and proper.

## COUNT V – FAMILY AND MEDICAL LEAVE ACT

49. Plaintiff incorporates Paragraphs 1 through 14 as though more fully set forth herein.

50. At all pertinent times hereto, Plaintiff was an eligible employee, as defined by the Family Medical Leave Act ("FMLA"), 29 U.S.C. 2611, of Defendant.

51. Plaintiff was entitled to protected leave under the FMLA in connection with her the care of herself and her husband.

52. Defendant willfully and intentionally interfered with Plaintiff's rights under the FMLA, 29 U.S.C. Sec. 2615, when it terminated Plaintiff's employment.

53. Plaintiff was prejudiced by Defendant's interference with her FMLA rights.

54. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, NICOLE WILLIAMS, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Family Medical Leave Act of 1993;

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law;

4. Immediately assign Plaintiff to the job that she would now be occupying but for the practices of Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the practices of Defendant, or if this is impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that she would have received but for the practices of Defendants;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees;

7. Award Plaintiff liquidated damages for Defendant's willful conduct;

8. Grant such other relief as may be just and proper.

        Respectfully submitted,

        **Plaintiff,**
        **NICOLE WILLIAMS,**

By:   s/ Eugene K. Hollander
        One of her attorneys

Eugene K. Hollander
Paul W. Ryan
Jonathan L. Hoeven
**The Law Offices of Eugene K. Hollander**
230 W. Monroe, Suite 1900
Chicago, IL 60602
(312) 425-9100
ehollander@ekhlaw.com
pryan@ekhlaw.com
jhoeven@ekhlaw.com